UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| PRISCELLA SAINTAL, | ) | |
| | ) | |
| Plaintiff, | ) | 2:13-cv-01293-JCM-CWH |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| JAMES C. COX, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Presently before the court is *pro se* plaintiff Priscella Saintal's motion for default judgment. (Doc. # 18). Defendants have filed a response in opposition. (Doc. # 21).

Plaintiff is an inmate currently in the custody of the Nevada Department of Corrections ("NDOC").

Plaintiff asserts that the state defendants were served with a summons and copy of the complaint on July 22, 2013, and have failed to appear. Thus, according to plaintiff, she is entitled to default. She is incorrect. While plaintiff did submit her complaint to the court on that date, a screening order was not issued until November 20, 2013. (Doc. # 7). The complaint was filed that same day. (Doc. # 8). On December 11, 2013, defendants filed their notice of limited appearance, listing defendants James Cox, Sheryl Foster, Joseph Owens, and David Molnar.

On February 19, 2014, the court issued an order requesting the defendants file their notice of

acceptance of service by March 12. (Doc. # 12). On March 11, 2014, the defendants filed a notice of acceptance of service on behalf of defendants Cox, Foster, Owens, and Molnar. Service was not accepted on behalf of defendant Carolyn Myles as she no longer works for the NDOC. (*See* doc. # 13). Her last known address was separately filed under seal. (Doc. # 14).

In response, plaintiff errantly filed an objection regarding defendants' refusal to accept service on behalf of Myles. (Doc. # 16). In response, defendants filed a motion to strike that objection. (Doc. # 20).

It is clear that plaintiff has confused the appropriate timeline. The court's February 19, 2014, order set the deadline for filing responsive pleadings as April 21, 2014. That date has not passed, and plaintiff is not entitled to default. Her motion is denied.

Finally, plaintiff has filed a motion for permissive joinder. (Doc. # 17). Plaintiff seeks to add her partner, Kimberly Boykins,[1] as a plaintiff in this case. Fed. R. Civ. P. 20(a)(1) permits potential plaintiffs to join if "*they assert* any right to relief. . ." *See* Fed. R. Civ. P. 20(a)(1)(A) (emphasis added). Ms. Boykins has not personally asserted any right to relief in this action, and Ms. Saintal may not join her to the lawsuit unilaterally. The motion is denied.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion for default (doc. # 18) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendants' motion to strike (doc. # 20) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's objection in response (doc. # 16) be, and the same hereby is, STRICKEN.

. . .

. . .

---

[1] The motion is handwritten and messy. As far as the court can tell, plaintiff's partner's last name is Boykins.

2

IT IS FURTHER ORDERED that plaintiff's motion for joinder (doc. # 17) be, and the same hereby is, DENIED.

DATED April 14, 2014.

_____
UNITED STATES DISTRICT JUDGE